Eastern District of Kentucky
**FILED**
DEC 16 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-93-GWU

JAMES F. GOINES,                                          PLAINTIFF,

VS.                   **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Goines

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Goines

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Goines

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, James F. Goines, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of coronary artery disease, adhesive capsulitis with chronic rotator cuff tendonitis, insulin-dependent diabetes mellitus with diabetic retinopathy, osteoarthritis of the knees, and chronic lumbar pain syndrome. (Tr. 16). Nevertheless, based in part on the testimony of a vocational expert (VE) the ALJ found that Mr. Goines retained the residual functional capacity to perform a significant number of sedentary level jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 18-20). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were limited to sedentary level exertion, and also had the following non-exertional impairments. (Tr. 18). He: (1) could stand or walk two to three hours in an eight-

Goines

hour day (no more than 15-20 minutes at a time); (2) could occasionally climb, balance, stoop, crouch, kneel, and crawl; (3) could not do any overhead work or reaching to extremes; and (4) could not work around heights, open machinery, temperature extremes, and humidity. (Tr. 658). The VE responded that there were jobs at the sedentary level such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 659).

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

The ALJ explicitly based his functional capacity conclusions on an examining source, Dr. Michael Lyons, an orthopedist who treated the plaintiff primarily for shoulder pain and a diabetic ulceration of the left foot, but who was aware of the plaintiff's history of cardiac surgery. (Tr. 635-9).

Although the plaintiff had undergone a cardiac bypass operation in August, 2002, and one of his treating cardiologists (i.e., Anthony Rogers) indicated in a January, 2003 office note that he was "disabled completely," and added that "I do not see any way he can return to his previous job or physical labor" (Tr. 186), the plaintiff does not argue that this note establishes total disability for Social Security purposes. Moreover, another treating cardiologist, Dr. Mubashir Qazi, had indicated in September 2002, shortly after the surgery, that the plaintiff should be restricted to

8

Goines

"no strenuous activity, light-duty work only" (Tr. 148), which implies an ability to work at the sedentary level found by the ALJ.[1] The restrictions accepted by the ALJ are also greater than given by state agency reviewing sources. (Tr. 173-81, 252-9).

In support of his motion for summary judgment, the plaintiff relies on a letter from Dr. William Hal Skinner, a cardiologist, dated July 10, 2003. (Tr. 639, 642). The letter from Dr. Skinner states that the plaintiff had "chronic systolic congestive heart failure with chronic shortness of breath and class III congestive heart failure symptoms," and that he was "permanently and totally disabled." (Tr. 642). The ALJ rejected this opinion, stating that it was unsigned, that it was not supported by objective findings, and that it "does not give any specific limitations so that I cannot determine if the doctor means he is disabled under worker's compensation rules, under insurance company rules, etc." (Tr. 18). The plaintiff appears to argue that it was improper to accept the opinion of Dr. Lyons because he had not had the opportunity to review Dr. Skinner's opinion before listing restrictions, citing case law involving non-examining, reviewing physicians. As the Commissioner points out, Dr.

---

[1] The VE testified that the plaintiff's most recent past work was performed at the medium to heavy levels of exertion (Tr. 657). Even if the statement from Dr. Rogers were entitled to controlling weight, the ALJ clearly restricted the plaintiff from his previous job and from "physical labor." It should also be noted that the physician's opinion was given less than five months after the bypass surgery.

9

Goines

Lyons was an examining source, not a reviewing source.[2] There is no evidence of any treatment relationship between the plaintiff and Dr. Skinner, and, given the lack of objective findings[3] and the improper vocational conclusion of Dr. Skinner in referring to permanent and total disability, the ALJ could reasonably have relied upon the report of Dr. Lyons and was supported by Dr. Qazi's assessment of the cardiac condition.

The decision will be affirmed.

This the ⁄⁄⁄ day of December, 2005.

G. WIX UNTHANK
SENIOR JUDGE

---

[2] As the Commissioner also points out, the plaintiff's brief goes on to refer to exhibits that are apparently connected with someone else's case.

[3] Dr. Skinner cited only catheterization results from August, 2002 and no other clinical data. (Tr. 642).

10